STATE OF LOUISIANA

VERSUS

BLAISE GRAVOIS

NO. 22-K-428

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 84,79, DIVISION "C"
HONORABLE KATHERINE TESS STROMBERG, JUDGE PRESIDING

February 28, 2023

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.

**REVERSED; REMANDED**
    **SJW**
    **HJL**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
    Ricky L. Babin
    Charles S. Long
    Robin C. O'Bannon
    Donald D. Candell

COUNSEL FOR DEFENDANT/RELATOR,
BLAISE GRAVOIS
    Matthew S. Chester
    Kenneth M. Klemm
    Emily Olivier Kesler

**WINDHORST, J.**

Relator/defendant, Blaise Gravois, seeks review of the trial court's August 23, 2022 verbal ruling admitting into evidence, subject to its *in camera* review, specific sealed documents, *i.e.*, retainer agreements, that this court previously held were privileged for the purpose of determining whether defendant's counsel has a conflict as alleged by the State.[1] For the following reasons, we reverse the trial court's ruling, and remand for further proceedings consistent with this opinion.

## PROCEDURAL HISTORY

On September 8, 2020, the St. James Parish District Attorney's Office charged defendant, the former director of operations for the Parish of St. James, with five counts of malfeasance in office for allegedly misappropriating Parish assets.[2] The following numerous motions, hearings, rulings, and the previous writ disposition from this court are relevant to the specific ruling now challenged by defendant in this writ application.

*The State's conflict motion*

On January 7, 2022, the State of Louisiana filed a motion to determine whether the defendant's Sixth Amendment right to conflict free counsel has been violated on the basis that there is a "probability" that his lead counsel, Matthew Chester, and associate counsel, Emily Kessler,[3] of the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("the Firm") have an actual conflict of interest

---

[1] It is undisputed by the parties that the documents submitted into evidence subject to the trial court's *in camera* review are redacted invoices and three separate retainer agreements. Defense counsel contends that since this court's June 23, 2022 judgment, defendant has conceded that his redacted invoices were provided to the Parish's insurer, Berkley Insurance Company, a third party, and therefore, they are no longer privileged. However, defendant contends that the retainer agreements have not been provided to any third parties, and therefore, any privilege asserted has not been waived. Consequently, defendant contends that only the retainer agreements are at issue herein.

[2] This bill of information was filed after the trial court quashed the previous grand jury indictment based on the same facts without prejudice as a result of grand jury secret violations on March 11, 2020.

[3] Based on the allegations and exhibits therein, it appears that Mr. Chester and Kenneth Klemm are counsel of record for defendant.

in their representation of defendant in this criminal proceeding (hereafter "the conflict motion").

In the conflict motion, the State alleged that it "appears" that Mr. Chester entered into a contingency fee agreement with the defendant which is prohibited pursuant to Louisiana Rule of Professional Conduct 1.5 (d). The State asserted that the payment of Mr. Chester's legal fee is contingent upon his obtaining on behalf of defendant a not guilty verdict or a dismissal with prejudice. The State averred that this creates a concurrent conflict of interest under Louisiana Rule of Professional Conduct 1.7, placing a "material determination" on Mr. Chester's ability to represent defendant and his personal interest in collection of legal fees. The State alleged that a conflict exists because the Firm has taken on the dual role of representing defendant for the criminal charges brought against him as well as representing him in a civil proceeding demanding insurance proceeds from St. James Parish Government's insurer, Berkley Insurance Company, who provides coverage for the payment of public employees' criminal attorney fees, if the criminal proceeding is dismissed with prejudice or the defendant is found not guilty after a trial. The State also alleged that independent counsel should be appointed because Mr. Chester has consistently and erroneously advised defendant of an incorrect element of the charged crime, rebuffed any cooperation by defendant with the State, and rejected a misdemeanor plea for defendant.

### *The State's order for subpoena duces tecum related to its conflict motion*

At a May 23, 2022 status conference,[4] the State indicated that it would be seeking a subpoena *duces tecum* for defense counsel's billing records and all retainer agreements with defendant. Specifically, the State asserted that it could not prove its conflict motion without the documents requested in the subpoena *duces tecum*.

---

[4] The status conference was set for the purpose of scheduling pending motions filed by the State and defendant.

Defense counsel stated he objected to the production of privileged documents and he would be filing a motion to quash the subpoena *duces tecum*. The State's motion and order for subpoena *duces tecum* was filed and granted by the trial court the same day.[5]

*Defendant's motion to quash the State's subpoena duces tecum*

On May 26, 2022, defendant filed a motion to quash the State's subpoena *duces tecum*, contending that the State failed to make a *prima facie* showing of a conflict. Defendant argued that when a purported conflict is based on speculation and conjecture, which is the case herein, no discovery is warranted and no inquiry by the trial court is required. Defendant contended that the State could not under any circumstance make a *prima facie* showing of a conflict, a fact defendant averred was admitted by the State in seeking the subpoena *duces tecum*. Additionally, defendant argued that the State's request for records concerning engagement letters and/or billing records should be rejected because it seeks documents and information protected from disclosure by the attorney-client privilege and/or work product protections. Thus, defendant asserted that even if the State could make a *prima facie* showing, which he denied, the information requested is not discoverable. Defendant asserted that the State's requested discovery should be denied. Defense counsel adamantly denied that a contingency fee agreement existed between him and the defendant and denied that he represented defendant as to defendant's civil claims against the Parish's insurer, Berkley Insurance Company.

In opposition to defendant's motion to quash and in support of its subpoena *duces tecum*, the State asserted that any billing records related to defendant's criminal defense are not subject to the attorney-client privilege. The State alleged

---

[5] The subpoena *duces tecum* was issued to the "custodian of records" for the Firm, seeking (1) all retainer agreements between defendant and lawyers at the Firm related to criminal cases, civil claims for payment of attorneys' fees, and claims against Berkley Insurance Company; (2) billing records related to criminal proceedings against defendant and claims against Berkley Insurance Company; and (3) any and all correspondence between the Firm and various attorneys and firms, who may have represented Berkley Insurance Company as it relates to defendant's payment, recovery, or collection of criminal attorney's fees.

that defendant's fees have not been paid because payment is contingent on recovery from either the Berkley insurance policy or a St. James Parish ordinance providing for reimbursement of attorney's fees for criminal defendant employees should they be found not guilty or the charges dismissed with prejudice. The State contended that the breach of duty exception to the attorney-client privilege allows the State to review the requested documents pursuant to La. C.E. art. 506 C(3).[6] The State further asserted that any privilege was waived by dissemination of the bills to a third party, in this case, the St. James Parish Council.

*May 31, 2022 hearing on defendant's motion to quash the State's subpoena duces tecum and the trial court's June 2, 2022 judgment*

On May 31, 2022, after a hearing on the defendant's motion to quash the State's subpoena *duces tecum*, the trial court took the matter under advisement. On June 2, 2022, the trial court issued a judgment with written reasons, granting in part and denying in part, defendant's motion to quash. The trial court found that the State was not required to show an *actual* conflict of interest at this point in the pre-trial proceeding and that the State showed that a *potential* conflict of interest exists. For that reason, the trial court denied defendant's motion to quash the State's entire subpoena *duces tecum*. The trial court found that any retainer agreements responsive to numbers 1-4 of the State's subpoena *duces tecum* are relevant to the State's conflict motion. The trial court found that the retainer agreements are excepted from the attorney-client privilege under La. C.E. art. 506 C(3) because they relate to an alleged breach of defendant's criminal attorney's duties under Louisiana Rule of Professional Conduct 1.5 (d). Consequently, the trial court denied defendant's motion to quash as to numbers 1 through 4 of the State's subpoena *duces tecum* and

---

[6] La. C.E. art. 506 C(3) provides, in pertinent part:

C. Exceptions. There is no privilege under this Article as to a communication:

(3) Which is relevant to an issue of breach of duty by a lawyer to the client or by a client to the client's lawyer.

ordered defendant to produce any retainer agreements between defendant and the Firm to the State.[7] The trial court also found that the billing records requested in numbers 5 through 7 of the State's subpoena *duces tecum* are not privileged and ordered the production of the same to the State, subject to a redaction of "all references to the nature of services, the reasons for seeking legal advice, strategies pursued by counsel in anticipation of ongoing litigation, as well as any mental impressions, conclusions, opinions, and legal theories of an attorney."[8] Thus, the trial court denied defendant's motion to quash the State's subpoena *duces tecum* as to numbers 1-7.

The trial court further found that the State did not demonstrate that the requests for correspondence between defendant and various attorneys and firms in numbers 8 through 14 of the State's subpoena *duces tecum* were relevant, and therefore, granted in part defendant's motion to quash as to those requests. The trial court denied defendant's motion requesting a stay of the time for compliance with the State's subpoena *duces tecum* and any proceedings concerning the State's conflict motion.

### *Defendant's writ application regarding the June 2, 2022 judgment*

On June 13, 2022, defendant filed a writ application in this court seeking expedited review of the trial court's June 2, 2022 judgment denying in part, defendant's motion to quash and ordering the production of privileged documents to the State. See State v. Gravois, 22-267 (La. App. 5 Cir. 06/23/22), 2022 WL 2253572, writ denied, 22-1106 (La. 09/27/22), 347 So.3d 155. Specifically, defendant sought

---

[7] The State's subpoena *duces tecum* numbers 1 through 4 requested production of any retainer agreements between defendant and the Firm related to (1) all pending criminal cases; (2) any civil claim for payment of criminal attorney fees; (3) any claim for payment of attorney fees against Berkley Insurance Company; and (4) any claim for payment for attorney fees against St. James Parish Government.

[8] The State's subpoena *duces tecum* numbers 5-7 requested production of all billing records for the Firm's representation of defendant in (5) all criminal proceedings in the Twenty-Third Judicial District Court Parish of St. James; (6) all claims against Berkley Insurance Company for the payment of any and all fees arising out of criminal charges from the Twenty-Third District Court Parish of St. James; and (7) all criminal proceedings from the Parish of St. James.

review of the trial court's judgment ordering defendant to produce all retainer agreements and billing records to the State. Defendant also sought a stay of execution of the trial court's judgment pending disposition of his writ application. Id.

### *Defendant's compliance with trial court's June 2, 2022 judgment*

On June 22, 2022, defense counsel produced approximately 300 hundred pages of redacted billing records and the retainer agreements (a total of three separate agreements) between the Firm and defendant to the State. Defense counsel produced the documents after the State demanded production of the documents pursuant to the trial court's June 2, 2022 judgment and under threat of filing a motion for contempt against defendant for failure to comply with said judgment.

### *This court's June 23, 2022 ruling on the trial court's June 2, 2022 judgment*

The following day, on June 23, 2022, this court granted in part and denied in part defendant's writ application. See Gravois, 22-267, *supra*. This court also denied defendant's request for a stay pending resolution of the writ application. Id. Most significantly, this court held in pertinent part:

> To the extent the documents the district court ordered Mr. Gravois and the Firm to produce violate a privilege that was not waived, we agree with Mr. Gravois that the trial court erred.
>
> \* \* \*
>
> Generally, parties may obtain discovery regarding any matter which is relevant to the subject matter involved in the pending litigation, however, discovery of privileged information, including confidential communications between a client and his lawyer, or records protected from disclosure by attorney-work product protections is not allowed. See La. C.C.P. art. 1422. La. C.E. art. 506 codifies the attorney-client privilege in Louisiana . . .
>
> \* \* \*
>
> Here, the State argued—and the district court agreed—that the privileged documents it seeks to have Mr. Gravois and the Firm produce are not protected from discovery under the exception to the attorney-client privilege found in La. C.E. art. 506(C)(3) as "they relate to an alleged breach of [Mr. Gravois'] criminal attorney's duties under Rules of Professional Conduct 1.5(d)." We disagree and hold that **La. C.E. art. 506 (C)(3) does not apply to exempt the requested documents from the protection of the privilege under the facts presented by this case.** The State fails to allege the most essential

element of its assertion that the requested documents are excepted from the attorney-client privilege—that is, that the State, a third party, has standing to claim the privilege under La. C.E. art. 506(D) or to claim applicability of the exception to the privilege under La. C.E. art. 506(C)(3). A clear reading of La. C.E. 506 et seq. reveals that it relates solely to the "Lawyer-client privilege." Nowhere in La. C.E. art. 506 does it provide authority for a third party, such as the State, to obtain privileged documents by asserting applicability of an exception of the attorney-client privilege. The trial court erred in concluding otherwise.

The attorney-client privilege, one of the oldest and most venerated of the common law privileges of confidential communications, serves important interest in our judicial system. See Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The purpose of the privilege is to encourage the client to confide fully in his counsel without fear that his disclosures could be used against him by his adversaries. State v. Green, 493 So.2d 1178, 1189 (La. 1986); Keith v. Keith, 48,919 (La. App. 2 Cir. 5/15/14), 140 So.3d 1202, 1208.

After careful review of the record, contrary to the district court's ruling, **we find that the "conflict" theory posited by the State is speculative at best and is based on nothing more than pure conjecture.** To infringe upon the attorney-client privilege existing between Mr. Gravois and his attorney by ordering the production of documents that are clearly protected by this privilege—or by the work-product privilege, or any other privilege that may apply in this case— based on the *possibility* that *if* Mr. Gravois is convicted, he *may* in the future file an ineffective assistance of counsel claim due to a *possible* conflict of interest, would have a chilling effect on confidential communications between a client and his lawyer, and tend to erode the purpose of the attorney-client privilege.

We note that after dismissal of Gravois I, Mr. Gravois submitted a request to Berkley Insurance Company, the insurer for the St. James Parish Council, for reimbursement of fees he incurred under Section 78-3 of the St. James Parish Code of Ordinances, which allows for reimbursement of incurred fees for Parish employees under certain circumstances, including where the hourly rates charged were reasonable and the hours spent were necessary. In his request, Mr. Gravois included a summary invoice, including no narrative description of the legal work performed. Pursuant to La. C.E. art. 502(A), "A person upon whom the law confers a privilege against disclosure waives the privilege if he ... voluntarily discloses or consents to disclosure of any significant part of the privileged matter." Thus, with regards to the billing invoices that Mr. Gravois (or his counsel on his behalf) previously submitted to the Parish Council or its insurer, any privilege as to these invoices was effectively waived

and, thus, we find no basis to overturn the district court's judgment insofar as it ordered Mr. Gravois to produce these invoices to the State.

For the foregoing reasons, we grant Mr. Gravois' writ application in part and reverse that portion of the district court's June 2, 2022 judgment that denied the motion to quash production of Items 1-7, and deny the writ in part to the extent that the attorney-client privilege has been waived as to certain documents that fall within Items 1-7. Mr. Gravois and the Firm are ordered to produce only those documents in Items 1-7 for which the attorney-client privilege has been waived due to their submission to third parties. Mr. Gravois' request for a stay is denied. [Italic emphasis original; boldface emphasis added.]

### *The State and defendant's response to this court's June 23, 2022 writ*

Based on this court's ruling, counsel for defendant immediately contacted the State, requesting the return or destruction of the documents it now improperly possessed. On the same day as this court's ruling and defendant's request for the return or destruction of the documents, the State filed into the record all of the obviously privileged documents which had been produced to the State by defendant in compliance with the trial court's June 2, 2022 judgment, along with its investigator's return on the subpoena *duces tecum*. The next day, on June 24, 2022, the State filed a document which it entitled "Notice of Defendant's Compliance with Trial Court and Fifth Circuit's Order to Disclose Records in Which the Attorney-Client Privilege has been Waived Due to their Submission to Third Parties" (hereafter the "State's notice") in apparent disregard of this court's writ.[9]

On July 21, 2022, the State sought review of this court's June 23, 2022 ruling (No. 22-267) with the Louisiana Supreme Court, which denied the State's application for writs September 27, 2022 (No. 22-1106).

### *Defendant's emergency motion to strike the "State's notice" and motion to prohibit the State from utilizing privileged information*

On June 28, 2022, defendant filed an emergency motion to strike the "State's

---

[9] Because this Court previously determined the sealed documents at issue are privileged under the facts of this case, we have therefore not reviewed them.

notice" and a motion to prohibit the State from utilizing the privileged information. Defendant asserted that while his writ application was pending in this court, on June 20 and 21, 2022 the State demanded production of the privileged documents referencing the trial court's June 2, 2022 judgment and threatened to file a rule for contempt against defense counsel if defendant did not produce the documents immediately. Defendant produced the documents to the State, but citing La. C.E. art. 502, defendant insisted that his production of the documents was not voluntary. Defendant asserted that because he was judicially compelled to produce the documents to the State, he had not waived any privilege. Defense counsel stated that after this court's ruling, he requested that the State immediately return or destroy the documents. Instead of complying with this request, defendant asserted that the State "flagrantly disregarded" this court's June 23, 2022 ruling by placing "clearly" privileged information in the public record and improperly referred to the privileged documents in the "State's notice." Defense counsel requested that the trial court order the State to destroy the privileged records, strike the "State's notice," and further to instruct the State that it may not make any use of the privileged information in any proceedings.

### *Hearing on defendant's emergency motion to strike the "State's notice" and motion to prohibit the State from utilizing privileged information*

The same day, on June 28, 2022, the trial court held a hearing. The State asserted that it was not prepared to have arguments on the emergency motion to strike. However, the State argued that defendant voluntarily disclosed the documents, that defendant did not file anything to protect the records, and that the documents were redacted. The State also asserted that defendant waived any privilege as to the retainer agreements because they had been disseminated to a third party, *i.e.*, the State. The State averred that its investigator picked up the documents and placed them in the record. Defendant argued that he was compelled to produce

the documents and that it was not voluntary. Defendant maintained that the State improperly placed the documents in the record and improperly referred to those documents in the "State's notice." Defense counsel emphasized that he was concerned about the three retainer agreements he was forced to produce to the State in compliance with the trial court's order. He requested that the trial court protect the documents until the parties could argue the matter.

After further argument, the trial court placed the "State's notice" and the privileged documents placed in the public record under seal until the next hearing. The trial court further ordered the State to destroy the retainer agreements that it received from the defense and ordered the State to provide a certification that it had complied. The trial court did not address whether the documents were improperly placed in the public record and did not rule on defendant's motion.

### *Defendant's motion for sanctions against the State re. privileged documents*

On July 13, 2022, defendant filed a motion for sanctions against the State for improperly placing "clearly privileged" information in the public record and using the same in pleadings after this court's June 23, 2022 judgment finding that the documents were privileged. Defense counsel argued that the State's actions in intentionally placing the privileged documents in the record is misconduct subject to sanctions. The trial court has not ruled on defendant's motion.

### *The State's supplement to its conflict motion*

While this court's June 23, 2022 ruling was pending with the Supreme Court, and despite defendant's pending emergency motion to strike, motion to prohibit, and motion for sanctions against the State regarding the privileged documents, the State filed a supplement to its conflict motion on July 22, 2022. Defendant objected to this supplement based on the State's use of privileged information in the supplement.

*Defendant's second emergency motion regarding privileged documents*

On July 26, 2022, defendant filed another emergency motion (1) to strike the State's supplement to its conflict motion; (2) to require enforcement of prior orders; and (3) to order the State to not use privileged information. The trial court has not ruled on this motion.

*The State's motions to dismiss*

Also, on July 26, 2022, the State filed a motion to dismiss defendant's June 28, 2022 motion to strike and motion to prohibit. On July 28, 2022, the State filed a motion to dismiss defendant's July 26, 2022 emergency motion to strike. The trial court has not ruled on the State's motions.

*July 28, 2022 hearing*

On July 28, 2022, the trial court held another hearing. The court ordered the State's supplement to its conflict motion to be placed under seal. Defendant requested that the documents placed under seal be removed from the public record. The State argued that it "legally reviewed the documents" that the defense provided, and it recognized the "contingent fee contract in it." The State claimed that defense counsel misled the trial court and this court and thus, immediately advised his investigators to make a return of all the documents into the public record to "be preserved as evidence before it gets destroyed." The State maintained the documents were properly placed in the public record and mentioned that it was seeking review of this court's June 23, 2022 ruling regarding the retainer agreements with the Louisiana Supreme Court. The State asserted that the documents at issue are in the record, and therefore, the trial court had authority to review them *in camera*. The State also informed the trial court and defense counsel that as ordered by the trial court, it destroyed the retainer agreements in its possession. Defense counsel responded that there was no rule or authority requiring all the documents subject to the subpoena to be placed in the public record.

The trial court stated that it had not reviewed any of the documents under seal and that they would remain sealed until it received guidance from the higher courts. The trial court did not rule on defendant's pending emergency motions and motion for sanctions regarding the privileged documents or the State's motions to dismiss defendant's motions. However, at the conclusion of the hearing, after instructing the parties not to refer to any of the alleged privileged documents currently being reviewed by the Louisiana Supreme Court, the trial court scheduled the State's conflict motion for August 23, 2022.

### *August 23, 2022 hearing on the State's conflict motion*

On August 23, 2022, the trial court held a hearing on the State's conflict motion. The State claimed that defense counsel voluntarily produced the retainer agreements and billing records and pursuant to La. C.Cr.P. art. 736, its investigator was required to file a return, including all the documents received from defendant, in the public record. The State argued that the trial court could inspect the documents *in camera*, citing to "Keith vs. Keith."[10] The State contended that the trial court has a duty to determine whether there is an "actual conflict of interest," which would violate defendant's right to conflict free counsel. The State averred that the retainer agreements would corroborate its own evidence and show a contingency fee arrangement between defendant and his counsel. Afterwards, the State informed the trial court that it wished to offer, file, and introduce the sealed documents received from the subpoena *duces tecum* into evidence as State's Exhibit 22.

In response, defense counsel maintained that this court found that the retainer agreements are privileged and as such, they should be removed from the public record. Defendant also argued that the State should not be allowed to introduce them into evidence because the State was never entitled to the privileged documents.

---

[10] Keith v. Keith, 48,919 (La. App. 2 Cir. 5/15/14), 140 So.3d 1202, 1208.

Defendant asserted that this court already held that the conflict motion was "speculative" and "pure conjecture." Under the law of the case, defense counsel argued that the privileged documents should not be viewed unless the Louisiana Supreme Court granted writs finding that the documents are not privileged.[11]

The trial court inquired as to whether the Louisiana Supreme Court was still reviewing this court's June 23, 2022 ruling, which found that the documents at issue were privileged, and the State confirmed that its writ application was still pending. Without ruling on defendant's and the State's pending motions concerning the privileged documents, and without ruling on whether the privileged documents under seal were legitimately placed in the public record, the trial court orally ruled that it would allow the sealed privileged documents to be admitted as evidence, subject to its *in camera* review of the documents for use in determining the merits of the State's conflict motion. Defendant indicated that he would be seeking a writ with this court regarding the trial court's ruling. The trial court stated that it would not review the sealed privileged documents until it received "guidance from the appellate court" and would not rule on the merits of the State's conflict motion until after this issue was resolved.

### *Defendant's current writ application*

On September 12, 2022, defendant filed a notice of intent to apply for supervisory writs regarding the trial court's August 23, 2022 oral ruling. Defendant timely filed the instant writ application.

## DISCUSSION

In this writ application, defendant contends that the trial court's August 23, 2022 ruling should be reversed for two reasons. First, although a trial court has discretion to review privileged documents *in camera*, defendant asserts that the

---

[11] As stated above, the Louisiana Supreme Court denied writs, September 27, 2022, No. 22-1106.

jurisprudence mandates that the proponent seeking the review must make a threshold showing that it is needed due to the "inherent dangers of invading a party's evidentiary privileges." He avers that the State cannot make this showing because this court has already held that the conflict theories raised by the State are "speculative at best" and based on "nothing more than pure conjecture." Defendant contends that neither the State nor the trial court explained why an *in camera* inspection was needed. Defendant further maintains that the arguments advanced by the State are based on its review and improper use of the privileged documents. Defendant further argues that this court has already reviewed the State's conflict motion and rejected the trial court's reasoning that it should review the privileged records because a conviction could result in "possible reversal and retrial."

Secondly, defendant argues that there is no case authority permitting the State's improper actions following this court's ruling on June 23, 2022. He asserts that the State's actions in "repeatedly trampling on his rights and privileges can only be described as sanctionable, and the trial court should not reward the State for its "misbehavior," especially since this court has ruled that no conflict exists. Defendant contends that the trial court should not be allowed to review *in camera* privileged documents, *i.e.*, the retainer agreements, improperly placed in the public record, and accordingly, the trial court's judgment should be reversed.

In opposition, the State maintains that defense counsel voluntarily produced the retainer agreements and billing records pursuant to the trial court's June 2, 2022 judgment regarding defendant's motion to quash the State's *subpoena duces tecum*. The State contends that prior to this court's June 23, 2022 ruling, the ordered documents were "voluntarily" produced fully redacted of all attorney-client information, without reservation and without a privilege log.[12] Additionally, the

---

[12] The State argues that the documents were redacted when produced. However, a review of the trial court's June 2, 2021 judgment reflects that the trial court only specified redaction of the billing records, not the retainer agreements.

State argues that the retainer agreements do not contain privileged information. The State asserts that the sole issue before this court is whether a trial court may review, *in camera*, documents which may contain privileged information in determining the merits of the State's conflict motion. The State contends that the "mode and method of obtaining the records here is irrelevant." The State argues that the trial court determines what evidence is necessary for its consideration in a disqualification of counsel inquiry and that the trial court is authorized to conduct *in camera* inspections of documents protected by the attorney-client privilege for this purpose.

In reply, defendant contends the State's argument that he waived his privilege is meritless. Defendant asserts that the retainer agreements he produced were not redacted and that the State's placement of the privileged material into the record was not excused by the Louisiana Code of Criminal Procedure.

### *Issues and Analysis*

The question before this court is whether the trial court erred in allowing the sealed privileged documents, *i.e.*, the retainer agreements, to be admitted as evidence, subject to an *in camera* review by the trial court for the purpose of determining the merits of the State's conflict motion.[13] For the following reasons, we find the trial court abused its discretion in admitting into evidence the sealed privileged documents, even subject to an *in camera* review.

Based on a review of the record, it is undisputed that defendant continuously and strenuously opposed production of the privileged documents, *i.e.*, the retainer agreements, to the State. Despite defendant's objection to production of the privileged documents pursuant to the State's subpoena *duces tecum*, the trial court denied defendant's motion to quash the subpoena *duces tecum* with regard to the retainer agreements, and the trial court ordered defendant to produce the privileged

---

[13] The parties do not dispute that the sealed documents subject to the trial court's *in camera* review, *i.e.*, the retainer agreements, are the same documents challenged in Gravois, *supra*.

documents to the State. Defendant sought a stay with the trial court, which was denied, and requested expedited supervisory review and a stay with this court. While defendant's writ application was pending with this court, the State made repeated demands to defendant for the immediate production of the privileged documents pursuant to the trial court's order and stated that failure to produce would result in the State filing a motion for contempt against defendant. In response, defense counsel sent a letter advising this court of this "development to the extent it impacted the Court's review of [defendant's] request for a temporary stay order and/or request for expedited treatment in connection with the pending Writ Application."

On June 22, 2022, pursuant to the trial court's order and in light of the State's demands, defense counsel produced the privileged documents to the State. Nevertheless, the State has since continually maintained that defendant's production of the privileged documents was voluntary, and therefore, any privileged was waived by producing the documents to a third party, in this case, the State. Contrary to the State's assertion, defendant's production of the privileged documents to the State clearly was not voluntary, and defendant continuously opposed production of the documents at all times. The privileged documents were produced solely in compliance with the trial court's June 2, 2022 order. Judicially compelled disclosure of privileged documents does not constitute a waiver. La. C.E. art. 502 B.[14]

The day after producing the documents, on June 23, 2022, this court issued its ruling, granting in part and denying in part defendant's writ application. In Gravois, *supra*, this court clearly held that the retainer agreements compelled by the State's subpoena *duces tecum*, and the subject of this writ application, were protected by the attorney-client privilege under the facts of this case, and were not exempt from the attorney-client privilege under La. C.E. art. 506 C(3). This court explicitly stated

---

[14] La. C.E. art. 502 B provides:

**Disclosure under compulsion or without opportunity to claim**. A claim of privilege is not defeated by a disclosure which was compelled or made without opportunity to claim the privilege.

that La. C.E. art. 506 did not "provide authority for a third party, such as the State, to obtain privileged documents by asserting the applicability of an exception of the attorney-client privilege. The trial court erred in concluding otherwise."

As to the State's conflict motion, this court found that the conflict theory asserted by the State is "speculative at best and is based on nothing more than pure conjecture." This court stated that "To infringe upon the attorney-client privilege existing between Mr. Gravois and his attorney by ordering the production of documents that are clearly protected by this privilege—or by the work-product privilege, or any other privilege that may apply in this case—based on the *possibility* that *if* Mr. Gravois is convicted, he *may* in the future file an ineffective assistance of counsel claim due to a *possible* conflict of interest, would have a chilling effect on confidential communications between a client and his lawyer, and tend to erode the purpose of the attorney-client privilege."

This court further held that only billing records, which had already been produced to third parties, had to be produced to the State. Gravois, *supra*. Thus, this court found that the trial court erroneously compelled defendant to produce the privileged documents, *i.e.*, the retainer agreements, at issue in this writ application. The State sought review of this court's June 23, 2022 ruling with the Louisiana Supreme Court, which was denied on September 27, 2022. State v. Gravois, 22-1106 (La. 09/27/22), 347 So.3d 155.

Upon review of the writ application, opposition, reply, and exhibits attached thereto, we find that the trial court abused its discretion in admitting into evidence the privileged documents (*i.e.*, the retainer agreements), subject to an *in camera* review for the purpose of determining the merits of the State's conflict motion. This court in Gravois, *supra*, ruled that defendant's production of the retainer agreements to the State for the purpose of the State's conflict motion was erroneously compelled by judicial order of the trial court. This ruling was upheld by the Louisiana Supreme

Court. Id. Because the privileged documents were erroneously compelled by judicial order, compliance with the trial court's order did not constitute a waiver of any privilege. La. C.E. art. 502 B. Consequently, the State did not have any legal authority (1) to review the documents, (2) utilize the contents of the documents in any manner, (3) place the documents in the public record,[15] or (4) to offer, file, and introduce the documents into evidence at the conflict motion hearing.

Moreover, the trial court abused its discretion in admitting the retainer agreements into evidence, because the State's conflict motion was "speculative at best and is based on nothing more than pure conjecture," there was no need for — or right to — an *in camera* review for the purpose of determining the merits of the State's conflict motion. On June 23, 2022, this Court granted defendant's motion to quash in part and determined that defendant did not have to provide the retainer agreements to the State. Further, the Louisiana Supreme Court denied the State's writ application seeking review of this Court's June 23, 2022 ruling.

---

[15] La. C.Cr.P. art. 734 provides in pertinent part:

> A. When the district attorney is involved in the investigation or prosecution of a criminal case, investigators who are employed by that district attorney and who are P.O.S.T. certified commissioned law enforcement officers may serve any subpoena or subpoena duces tecum which is issued in that case. Each investigator who serves a subpoena or subpoena duces tecum under the provisions of this Article *shall execute the return of service provided for in Article. 736.* [Emphasis added.]

La. C.Cr.P. art. 736 provides in pertinent part:

> The sheriff *shall endorse on a copy of the subpoena date, place, type of service, and sufficient other data to show service in compliance with law.* When the witness cannot be found, the sheriff must set out in his return every fact that in his opinion justifies the return. He shall sign and return the copy promptly after the service to the court that issued the subpoena. The return, when received by the clerk, shall form part of the record and shall be considered prima facie correct.

Under the plain language of La. C.Cr.P. art. 736, contrary to the State's assertion, the law does not require that all documents received in compliance with a subpoena must be filed in the public record with the return.

**DECREE**

For the reasons stated herein, this writ application is granted, the trial court's ruling is reversed. Accordingly:

**IT IS ORDERED** that the retainer agreements shall be:

1. Inadmissible in evidence in this case;

2. Returned by the trial court to the defense counsel; and

3. Returned by the District Attorney to defense counsel, and no copies thereof shall be retained or again obtained. The District Attorney is also prohibited from using or referencing the substance of or information obtained from the retainer agreements.

This case is remanded for further proceedings consistent with this opinion and with this court's supervisory writ to the trial court in <u>State v. Gravois</u>, 22-267 (La. App. 5 Cir. 6/23/22), 2022 WL 2253572; <u>writ denied</u>, 22-1106 (La. 09/27/22), 347 So.3d 155.

**<u>REVERSED; REMANDED</u>**



SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 28, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-428**

**E-NOTIFIED**
23RD JUDICIAL DISTRICT COURT (CLERK)
HON. KATHERINE TESS STROMBERG (DISTRICT JUDGE)
CHARLES S. LONG (RESPONDENT)      DONALD D. CANDELL (RESPONDENT)      ROBIN C. O'BANNON (RESPONDENT)
EMILY OLIVIER KESLER (RELATOR)      KENNETH M. KLEMM (RELATOR)      MATTHEW S. CHESTER (RELATOR)

**MAILED**
HONORABLE RICKY L. BABIN
(RESPONDENT)
DISTRICT ATTORNEY
23RD JUDICIAL DISTRICT COURT
POST OFFICE BOX 1899
GONZALES, LA 70707